**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| M. BRADFORD,<br><br>                    Plaintiff,<br>vs.<br><br>STATION CASINOS, LLC,<br><br>                    Defendant. | 2:13–cv–02265–JAD–VCF<br><br>**ORDER AND**<br><br>**REPORT & RECOMMENDATION** |

Before the court are Plaintiff M. Bradford's application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1).

**BACKGROUND**

This matter involves a trademark infringement claim. (Compl. (#1-1) at 1:17). Bradford alleges that sometime around June through August of 2013, Defendant Station Casino, LLC "continued to break federal regulations by copying and using Plaintiff's designs, developments materials and features that Patents [*sic*] have been Pending [*sic*] for since around January 2013." (*Id*. at 1:24–28). On December 12, 2013, Bradford filed suit in U.S. District Court for the District of Nevada.

**DISCUSSION**

Bradford's filings present two questions: (1) whether Bradford may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); (2) whether Bradford's complaint states a claim for trademark infringement. Both issues are discussed below.

---

[1] Parenthetical citations refer to the court's docket.

1

### I.  Bradford may Proceed *in Forma Pauperis*

Bradford application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Bradford submitted a financial affidavit (#1). According to the affidavit, Bradford makes $1,000 per month and incurs $1,250 in expenses each month. (*Id.*) (*Id.*) Bradford's application to proceed *in forma pauperis* is, therefore, granted.

### II.  Whether Bradford's Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim

Because the court grants Bradford's application to proceed *in forma pauperis*, it must review Bradford's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Bradford's complaint is governed by Federal Rule of Civil Procedure 8.

#### *A.  Legal Standard*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption

of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

Where, as here, the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### *B.     Bradford's Complaint Fails to State "Sufficient Factual" Matter*

The court finds that Bradford's complaint fails to state "sufficient factual" matter to state a plausible claim for relief and, therefore, should be dismissed. As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id*. ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

3

The court recommends dismissing Bradford's complaint because Bradford has only pled legal conclusions, and not "sufficient factual" matter, in support of his claims against Station Casino. In pertinent part, Bradford's complaint states:

> The following matter is to be heard in the Federal Court, District, United States District of Nevada.
> This Complaint states that the above named defendant presented misconduct against the above named Plaintiff regarding federal regulations for Plaintiff's Copyrights, Patents and Trademarks and that this incident took place on and around June, July and August 2013, and on these days the defendant continued to break federal regulations that Patents have been Pending for since around January 2013.
> [ . . . ]
> Further Points, Exhibits and Evidence are to be later filed and presented to the court and in court by the Plaintiff.

(Compl. (#1-1) at 1–2).

These are conclusions. Standing alone, they do not give rise to a "plausible" claim because they do not contain "sufficient factual" matter. *Iqbal*, 556 U.S. at 678. Therefore, Bradford's claims against Station Casino, LLC are dismissed.

Nonetheless, because Bradford is a *pro se* litigant, the court recommends granting Bradford leave to cure the deficiencies in his complaint by alleging a "plausible" claim against Station Casino, LLC. *Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff M. Bradford's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff M. Bradford is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMENED that Plaintiff M. Bradford's complaint be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE